THOMAS P. WHITIS v. J. T. ROBISON, COMMISSIONER OF THE
GENERAL LAND OFFICE, ET AL.

No. 1919. Decided March 31, 1909.

**Sale of School Land—Competitive Bidding—Payment—Check.**

   A bidder on competitive sale of school land who made the highest offer
and in due time deposited with the Treasurer his check instead of cash, being
assured by the chief clerk that it would be received as a payment, though it was
not collected till after the bids were opened and the award made, was entitled
to the land as against a lower bidder who deposited cash.   The check should
be treated as a payment under such circumstances.   Rawls v. Terrell, 101 Texas,
157, distinguished.   (Pp. 389, 390.)

   Original petition by Whitis for mandamus to compel the award to
him as purchaser of a tract of land by the Land Commissioner,
Blauser, the adverse claimant, being made co-respondent.

   *N. A. Rector,* for relator.

   *R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant,
for respondent.

   *Chas. Rogan,* for co-respondent Blauser.

   MR. CHIEF JUSTICE GAINES delivered the opinion of the court.
   The relator Whitis seeks by his petition to compel the Commis-
sioner of the General Land Office to set aside an award of a section
of school land made to the co-respondent Blauser and to award the
section to him.
   The land was on the market and was set down for competitive
bidding on the 24th day of October, 1908.   The relator made appli-
cation to purchase the section at $12.51¾ per acre, and before the
24th day of October aforesaid had paid into the State Treasury one-
fortieth of the purchase money as required by law.   He also avers
that the co-respondent Blauser, previous to the 24th day of October,
made application to purchase the section, bidding therefor the sum
of $14.65 per acre; but that instead of depositing his first payment
of one-fortieth of the purchase money, he, before 10 o'clock a. m.
of that day, deposited a check on a bank in Austin, which check was
not collected until the afternoon of the same day.
   The co-respondent Blauser's answer shows that one Gibbs acted
for him as agent in making his application to purchase the land, and
that Gibbs, upon repairing to the State Treasurer's office, was in-
formed by the Chief Clerk that a check on a bank would be received
for the first payment.   Now, it seems to us that when he was in-
formed that a check would be taken as payment of the money and
a check was received, it should be taken as a payment.   But at all
events, it was received as a payment and was collected and applied
to the first payment of the land.   This is unlike the case of Rawls
v. Terrell (101 Texas, 157.)   There no money was paid until after
the bids were opened and Rawls declared the successful bidder.   It

was said, in that case, that to allow Rawls to pay after the bids were opened would be to allow him to decline to pay and then to purchase the land at its appraised value. In this case Blauser could no more have withdrawn his check than he could have withdrawn his money. The relator's proposition is that since when the bids were opened he had his one-fortieth of the purchase money in the treasury and Blauser had only a check there, Blauser's bid was not effective, and that his bid being the next highest, he was entitled to an award of the land. But we think the check in this case should be deemed a payment of the first part of the purchase money for the land; and therefore the petition for the writ of mandamus is refused.

*Mandamus refused.*